UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TAMMY CULOTTA                                    CIVIL ACTION

VERSUS                                           NUMBER: 06-3995

ALLSTATE INSURANCE COMPANY                       SECTION: "T"(5)


### REPORT AND RECOMMENDATION

Presently before the Court is defendant's motion to dismiss for failure to prosecute and to comply with the Court's orders. (Rec. doc. 36). Plaintiff has filed no opposition to defendant's motion nor did she appear for oral argument scheduled on the matter for January 16, 2008. (Rec. doc. 41). For the reasons that follow, it is recommended that defendant's motion be granted and that plaintiff's suit be dismissed.

On July 28, 2006, plaintiff, through counsel, filed the above-captioned Katrina-related lawsuit against her insurer, Allstate. (Rec. doc. 1). In due course, a scheduling conference was held and a trial date was established. (Rec. doc. 12). On May 18, 2007,

the attorney who had signed the complaint on plaintiff's behalf was allowed to withdraw as counsel of record after advising the Court that he had been unable to communicate with his client so as to advance the progress of this litigation.  (Rec. docs. 23, 22).  The additional attorneys and law firm identified in plaintiff's complaint were formally allowed to withdraw for the same reason on July 30, 2007.   (Rec. docs. 29, 27). As a result of those withdrawals, plaintiff was left to prosecute this case in a pro se capacity.

On November 7, 2007, defendant filed a motion to compel after plaintiff failed to answer interrogatories and to respond to requests for production of documents that were propounded upon her. (Rec. doc. 31).  Oral argument on that motion was scheduled for November 28, 2007.  (Rec. doc. 33).  Plaintiff filed no opposition to defendant's motion to compel within the time prescribed by Local Rule 7.5E.  Accordingly, on November 28, 2007, the Court granted defendant's motion, ordering plaintiff to respond to defendant's outstanding discovery requests within ten (10) days and cautioning her that her failure to do so would result in their issuance of a Report and Recommendation recommending that her lawsuit be dismissed for failure to prosecute and to comply with the Court's order.  (Rec. doc. 34).  On December 17, 2007, defendant filed the motion that is presently before the Court, representing therein

that plaintiff has still not answered its outstanding discovery requests as was ordered on November 28, 2007.  (Rec. doc. 36).  Once again, plaintiff filed no opposition to defendant's motion nor did she appear for oral argument scheduled on the motion for January 16, 2008.  (Rec. docs. 41, 40).  This Report and Recommendation thus follows.

Rule 37(b)(2)(C) and (d) of the Federal Rules of Civil Procedure allows a district court to dismiss a lawsuit with prejudice when a party fails to appear for a properly noticed deposition or fails to comply with a discovery order.  <u>Batson v. Neal Spelce Associates, Inc.</u>, 765 F.2d 511, 514-17 (5th Cir. 1985); <u>Kabbe v. Rotan Mosle, Inc.</u>, 752 F.2d 1083, 1084-85 (5th Cir. 1985). Dismissal with prejudice being a severe sanction, its use is appropriate only where the refusal to comply results from willfulness or bad faith and is accompanied by a record of delay or contumacious conduct.  <u>Coane v. Ferrara Pan Candy Company</u>, 898 F.2d 1030, 1032 (5th Cir. 1990).  In addition, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute her case or to comply with an order of the court.  <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to respond to defendant's outstanding discovery requests despite the issuance of an order

directing her to do under pain of dismissal.  She apparently ceased communicating with her own attorneys some time ago who were allowed to withdraw from the case on that basis.  Plaintiff filed no opposition to either of the discovery-related motions that were heard by the Court nor did she appear at the hearing on the second of those motions.  Under these circumstances, the Court cannot but conclude that plaintiff has no further interest in prosecuting this case.  As plaintiff is no longer represented by counsel, these failures are attributable to her alone.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended plaintiff's suit be dismissed with prejudice pursuant to Rules 37(b)(2)(C) and (d) and 41(b) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  24th  day of      January       ,
2008.

_____
UNITED STATES MAGISTRATE JUDGE